19-1850-cr
United States v. Diaz-Alicea

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand twenty.

PRESENT:  PIERRE N. LEVAL,
  RAYMOND J. LOHIER, JR.,
  JOSEPH F. BIANCO,
  *Circuit Judges.*

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                No. 19-1850-cr

JOAQUIN DIAZ-ALICEA,

*Defendant-Appellant.*\*

-----------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT: PAUL S. VOLK, Blodgett, Watts & Volk, P.C., Burlington, VT.

FOR APPELLEE: NIKOLAS P. KEREST, Assistant United States Attorney (Spencer Willig, Gregory L. Waples, Assistant United States Attorneys, *on the brief*), *for* Christina E. Nolan, United States Attorney for the District of Vermont, Burlington, VT.

Appeal from a judgment of the United States District Court for the District of Vermont (Geoffrey W. Crawford, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Joaquin Diaz-Alicea appeals from a judgment of conviction entered on June 20, 2019 by the United States District Court for the District of Vermont (Crawford, C.J.) after Diaz-Alicea pleaded guilty to one count of conspiracy to distribute heroin and cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)–(C), 846. The District Court sentenced Diaz-Alicea principally to 120 months' imprisonment. On appeal, Diaz-Alicea argues that his sentence was both procedurally and substantively unreasonable. We assume the parties'

familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review a district court's sentencing decision for procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)).[1] A sentencing court makes a procedural error if it bases a sentence on a "mistake in its Guidelines calculation," "does not consider the [18 U.S.C.] § 3553(a) factors," "rests its sentence on a clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence," including "any deviation from the Guidelines range." Id. (quotation marks omitted). A sentence is substantively unreasonable if it "cannot be located within the range of permissible decisions." Id. (quotation marks omitted).

Diaz-Alicea first asserts that the District Court abused its discretion by initially rejecting as disproportionately harsh the 18:1 powder-to-crack-cocaine

---

[1] The parties dispute whether Diaz-Alicea adequately preserved his procedural reasonableness arguments and whether an abuse-of-discretion or plain-error standard should apply. We need not decide this question because we reject Diaz-Alicea's challenge even under the more favorable abuse-of-discretion standard.

ratio of the applicable Guideline, but then failing to recalculate the Guidelines range based on a 1:1 ratio. See Spears v. United States, 555 U.S. 261, 265–66 (2009). We disagree. A district court may reject the powder-to-crack-cocaine ratio, deviate from the Guidelines range, and thus "necessarily . . . adopt[] . . . a replacement ratio." Id. at 265. In doing so, the court is not compelled to recalculate the applicable range or to use any particular replacement ratio. See id. (noting that it may be "appropriate for the District Court . . . not to specify what ratio it was using but merely to proceed with § 3553(a) analysis" (quotation marks omitted)); United States v. Regalado, 518 F.3d 143, 149 (2d Cir. 2008). In this case, the District Court adequately explained its decision to vary downward and to impose a sentence below the lower end of the advisory range based on its policy disagreement. It was not further required to attempt "an exact mathematical calculation" to do so. Suppl. App'x 46.

Diaz-Alicea also contends that the District Court committed procedural error when, in applying the factors listed in § 3553(a), it found that Diaz-Alicea was a leader of the conspiracy after declining to impose a two-level leadership enhancement under U.S.S.G. § 3B1.1. See U.S.S.G. § 3B1.1 cmt. 4. We disagree

4

that the District Court's refusal to impose the Guidelines enhancement precluded it from considering Diaz-Alicea's leadership role under § 3553(a). Although there may not have been enough in the record to find by a preponderance of the evidence that Diaz-Alicea played a leadership role justifying a Guidelines enhancement, see United States v. Pristell, 941 F.3d 44, 49–50 (2d Cir. 2019), there was record evidence supporting the District Court's view, expressed during its consideration of the § 3553(a) factors, that Diaz-Alicea served some leadership role, see United States v. Wernick, 691 F.3d 108, 118 (2d Cir. 2012) (emphasizing a district court's "discretion to consider a broad range of information" in the § 3553(a) analysis); see also United States v. Alcius, 952 F.3d 83, 87–88 (2d Cir. 2020). The Presentence Report in particular provided some evidence that Diaz-Alicea was one of the leaders of the conspiracy and helped control significant quantities of drugs, cash, and firearms. The District Court's determination under § 3553(a) that Diaz-Alicea played "an important part [in] the leadership of the organization" was therefore not clearly erroneous. Suppl. App'x 45.

We also reject Diaz-Alicea's argument that his 120-month sentence was substantively unreasonable because it was "disproportionate" to the sentences of

5

certain co-defendants.   Appellant's Br. 11–12.   A sentencing court is not required to consider sentencing disparities among co-defendants.   See United States v. Ghailani, 733 F.3d 29, 55 (2d Cir. 2013).   In any event, the District Court considered the relative culpability of Diaz-Alicea and his co-defendants, and it reasonably concluded that Diaz-Alicea's more extensive criminal history and history of violence supported a longer sentence.   We therefore reject Diaz-Alicea's argument.

We have considered Diaz-Alicea's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court